O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

js-6

CIVIL MINUTES - GENERAL

| Case No. | CV 08-6262 PSG (RZx) | Date | December 11, 2008 |
|---|---|---|---|
| Title | Marisa Bautista v. Park West Gallery, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) GRANTING Defendant's Motion to Dismiss

Before this Court is Defendant's Motion to Dismiss. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court hereby GRANTS the Motion.

I.   Background

Marisa Bautista ("Bautista" or "Plaintiff") has sued Park West Gallery ("PWG" or "Defendant") on behalf of herself and a class of plaintiffs who were allegedly defrauded in the purchase of artwork sold by PWG on international cruises. A prior lawsuit between the same parties, *Marisa Bautista v. Park West Gallery et al.*, No. CV 08-3717 PSG (RZx) ("*Bautista I*"), was dismissed by this Court on September 2, 2008 for lack of personal jurisdiction. Bautista filed her first amended complaint ("FAC") in the present action ("*Bautista II*") on October 23, 2008. PWG now moves to dismiss the FAC for lack of personal jurisdiction and for failure to state a claim. Defendant also contends that the Court previously determined that personal jurisdiction over Defendant does not exist and, accordingly, further litigation of this issue is barred by collateral estoppel. Because this argument is sufficient to resolve the motion in its entirety, the Court does not address Defendant's other asserted grounds for dismissal.

II.   Legal Standard

Under the doctrine of collateral estoppel, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *United States v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008)

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**js-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6262 PSG (RZx) | Date | December 11, 2008 |
|---|---|---|---|
| Title | Marisa Bautista v. Park West Gallery, et al. | | |

(citation omitted).  Collateral estoppel prevents a party from relitigating an issue if four requirements are met: (1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in the previous action; (3) the issue was lost as the result of a final judgment; and (4) the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action.  *In re Palmer*, 207 F.3d 566, 568 (9th Cir. 2000).

III.    Discussion

"It is well settled that the principles of res judicata apply to the issue of in personam jurisdiction in the same manner as any other issue."  *Kendall v. Overseas Dev. Corp.*, 700 F.2d 536, 538 (9th Cir. 1983) (citing *Baldwin v. Iowa State Traveling Men's Ass'n*, 283 U.S. 522, 525-26, 51 S. Ct. 517, 75 L. Ed. 1244 (1931)).  In the instant case, Plaintiff does not argue that the Court's dismissal of *Bautista I* was not final or between different parties, or that the jurisdictional issue was not actually litigated and necessary to that determination.[1]  Rather, Plaintiff argues that collateral estoppel "presents no bar to the litigation of the claims presented in [her FAC], as long as Plaintiff has sufficiently pled facts establishing personal jurisdiction in her new action."  *Opp.* 5:24-26.  Defendant, disputing Plaintiff's characterization of the case law, contends that Plaintiff cannot escape the preclusive effect of *Bautista I* by pleading facts which existed at the time the Court dismissed the prior action.

"It is clear that dismissal for want of jurisdiction does not preclude a second action where subsequent events cure the jurisdictional deficiency in the first suit."  *Bui v. IBP, Inc.*, 205 F. Supp. 2d 1181, 1188 (D. Kan. 2002) (collecting cases).  The majority of courts have held that a defect in jurisdiction can only be cured where facts change subsequent to a dismissal of the initial case.  Defects may *not* be cured by alleging, for the first time, facts which existed prior to dismissal of the previous action.  *See id.*; *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1192 (D.C. Cir. 1983); *Park Lake Res. LLC v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1135-38 (10th Cir. 2004);  *MIB, Inc. v. Sup. Ct.*, 106 Cal. App. 3d 228, 234-35, 164 Cal. Rptr. 828 (1980); *Gupta v.*

---

[1] Plaintiff had a full and fair opportunity to litigate the issue of personal jurisdiction in *Bautista I*.  Although Plaintiff did not oppose Defendant's motion to dismiss in the prior action, she had an opportunity to do so and simply failed to act.  Furthermore, the Court fully considered all of the evidence submitted by PWG, as well as the allegations in Plaintiff's complaint.  Because Bautista failed to establish that either general or specific jurisdiction existed over PWG, the Court dismissed the action.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

js-6

CIVIL MINUTES - GENERAL

| Case No. | CV 08-6262 PSG (RZx) | Date | December 11, 2008 |
|---|---|---|---|
| Title | Marisa Bautista v. Park West Gallery, et al. | | |

*Thai Airways Int'l, Ltd.*, 487 F.3d 759, 767 (9th Cir. 2007) (following *MIB* in case governed by California preclusion rules); *Facebook, Inc. v. ConnectU LLC*, No. C 07-1389 RS, 2007 U.S. Dist. LEXIS 91415, at *5-6 (N.D. Cal. Nov. 30, 2007); Moore's Federal Practice § 132.03[5][c] (3d ed. 2008).  The Court finds the reasoning of these cases persuasive.  Accordingly, new allegations in Plaintiff's FAC are insufficient to escape the preclusive effect of the Court's dismissal of *Bautista I* unless they reference facts not in existence at the time of the prior judgment.

Presenting a side-by-side analysis of the jurisdictional allegations in *Bautista I* and *Bautista II*, Plaintiff argues that she has pled "new facts which support a finding of personal jurisdiction" and therefore, "collateral estoppel cannot act as a bar to her claims."  *Opp*. 12:25-28.  Plaintiff's "new" facts are as follows: (1) Defendant conducts land auctions in California; (2) Defendant filed an auction bond with the secretary of state of California; and (3) Defendant has purchased artwork from California artists.  *See Opp*. 8:21-9:5.  Defendant maintains that, assuming the truth of each of these facts, they were in existence at the time of the motion to dismiss in *Bautista I*.  *Mot*. 15:15-16:4.  Plaintiff has not shown otherwise.  Accordingly, the "curable defects" doctrine does not operate here to allow relitigation of the jurisdictional issue.

Plaintiff also seems to assert that because the Court dismissed her claims "without prejudice," *Bautista I* cannot have any collateral estoppel effect.  A judgment dismissing an action for lack of jurisdiction ordinarily has no preclusive effect on the cause of action originally raised.  *See* Fed. R. Civ. P. 41; *Bui*, 205 F. Supp. 2d at 1187.  However, the dismissal *will* "have preclusive effect as to matters actually adjudicated, including the precise issue of jurisdiction that led to the initial dismissal."  *Id.*; *see also Eaton v. Weaver Mfg. Co.*, 582 F.2d 1250, 1255 (10th Cir. 1978); *MIB*, 106 Cal. App. 3d at 234-35.  Plaintiff had a full and fair opportunity to establish this Court's jurisdiction over Defendant and failed to do so.  She "does not now get a do-over."  *Gupta*, 487 F.3d at 767.

IV.     Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.

**IT IS SO ORDERED.**